**EXHIBIT "2"**

# ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
OWENS CORNING, et al.,        :   Case No. 00-03837 (MFW)
                              :
           Debtors.           :   Jointly Administered
                              :
- - - - - - - - - - - - - - - x
```

ORDER UNDER 11 U.S.C. §§ 105, 327 AND
328 AUTHORIZING EMPLOYMENT AND RETENTION OF
PROFESSIONALS USED IN ORDINARY COURSE OF BUSINESS

Upon the Application dated October 13, 2000 (the "Application"),[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105, 327 and 328 authorizing the employment and retention of certain professionals used by the Debtors in the ordinary course of business (collectively, the "Ordinary Course Professionals"); and upon consideration of the Objection To Debtors' Application For Order Under 11 U.S.C. §§ 105, 327 And 328 Authorizing Employment And Retention Of

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Application.

Professionals Used In Ordinary Course Of Business, filed by the Ness, Motley Asbestos Claimants (Docket No. 186) (the "Ness, Motley Objection"); and upon the record of the October 25 hearing in these cases; and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and upon the record herein; and after due deliberation thereon; and good cause appearing therefor; it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED, and the Ness, Motley Objection is OVERRULED.

2. The Debtors are authorized to employ and retain the Ordinary Course Professionals listed on Exhibit A attached hereto in the ordinary course of the Debtors' business, without the need to file individual retention or fee applications for such Ordinary Course Professionals.

3. Subject to the limitations set forth below, the Debtors are authorized to pay, without formal

application to the Court by any Ordinary Course Professional, all billed postpetition fees and disbursements of each Ordinary Course Professional, upon the submission by each Ordinary Course Professional to the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date and calculated in accordance with such Professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such invoices); *provided, however*, that compensation paid to an Ordinary Course Professional shall not be final until the retention of such Professional is authorized as a final matter in accordance with the provisions below.

4. Payments to Ordinary Course Professionals shall be subject to the approval of the Court in accordance with 11 U.S.C. §§ 330 and 331 if payments to such Professionals exceed: (i) $10,000 per month for all professionals identified as providing asbestos-related legal counsel; (ii) $55,000 per month for Jenkins, R.G.C. & Company, which provides patent and trademark legal counsel; (iii) $65,000 per month for Morgan, Lewis & Bockius, which provides transactional legal counsel; and

3

(iv) an average of $35,000 per month for all other listed Ordinary Course Professionals.

5. Payments to Ordinary Course Professionals made pursuant to this Order shall not exceed a total of $3 million in any given month without further order of this Court.

6. Every two months (with the first two-month period running from the last day of the month during which this order is entered), the Debtors shall file a statement (the "Statement") with the Court and serve such Statement on the Noticed Parties, which Statement shall include (a) the name of each Ordinary Course Professional, (b) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by each Ordinary Course Professional during the previous two-month period, and (c) a general description of the services rendered by each Ordinary Course Professional.

7. Within five (5) days after entry of this Order, the Debtors shall serve this Order upon each Ordinary Course Professional. Not later than thirty (30) days after entry of this Order, each Ordinary Course Professional that is an attorney shall file with the Court, and serve on the Noticed Parties, a verified

4

statement pursuant to Fed. R. Bankr. P. 2014, substantially in the form attached as Exhibit B hereto (the "Affidavit").

8. The Noticed Parties shall have 20 days after service of an Affidavit, or such other time as may be agreed to by the Ordinary Course Professional or ordered by the Court (the "Attorney Objection Deadline"), to object to the retention of such Ordinary Course Professional. Such objections shall be served upon such Ordinary Course Professional and the Noticed Parties, on or before the Attorney Objection Deadline. If any such objection cannot be resolved within 20 days, the matter shall be scheduled for hearing before the Court at the next regularly-scheduled omnibus hearing or other date otherwise agreeable to the Ordinary Course Professional and the objecting party or parties. If no objection is submitted on or before the Attorney Objection Deadline, or if any timely objection is resolved as set forth above, the Debtors shall be authorized, without further order of the Court, to retain such Professional as a final matter.

9. The Noticed Parties shall have 20 days after entry of this Order, or such other time as may be

5

agreed to by the Ordinary Course Professional or ordered by the Court (the "Non-Attorney Objection Deadline"), to object to the retention of any Ordinary Course Professional that is not an attorney. Such objections shall be served upon such Ordinary Course Professional and the Noticed Parties, on or before the Non-Attorney Objection Deadline. If any such objection cannot be resolved within 20 days, the matter shall be scheduled for hearing before the Court at the next regularly-scheduled omnibus hearing or other date otherwise agreeable to the Ordinary Course Professional and the objecting party or parties. If no objection is submitted on or before the Non-Attorney Objection Deadline, or if any timely objection is resolved as set forth above, the Debtors shall be authorized, without further order of the Court, to retain such Professional as a final matter.

10. The Debtors are authorized to employ and retain additional Ordinary Course Professionals, as necessary, in the ordinary course of their business ("Additional Ordinary Course Professionals"), (a) without the need to file individual retention applications and (b) without the need for any further hearing or notice to any other party, by filing with the Court a supplement

6

(the "Supplement") to Exhibit A hereto and by otherwise complying with the terms of this Order. The 30-day requirement for Additional Ordinary Course Professionals who are attorneys to file Affidavits and the 20-day objection deadline for Additional Ordinary Course Professionals who are not attorneys shall run from the date of the Debtors' filing of the Supplement with the Court.

11. The provisions of this Order shall not apply to any Professional retained by the Debtors pursuant to a separate order of this Court, regardless of whether any such Professional is listed on Exhibit A hereto.

Dated:  Wilmington, Delaware
        November 30, 2000

                                    _____
                                    Honorable Mary F. Walrath
                                    United States Bankruptcy Judge

220148.06-Wilmington S1A                 7